

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00636-CV

**IN THE INTEREST OF G.T.,** a Child

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-EM5-01625
Honorable Christine Vasquez Hortick, Judge Presiding

PER CURIAM

Sitting: Lori I. Valenzuela, Justice
    Lori Massey Brissette, Justice
    Adrian A. Spears II, Justice

Delivered and Filed: December 10, 2025

DISMISSED

This is an attempted *pro se* appeal of an order dismissing appellant's claims pursuant to section 231.016 of the Texas Family Code. Appellant has been deemed to be a vexatious litigant subject to a prefiling order.

Chapter 11 of the Texas Civil Practice and Remedies Code governs vexatious litigants in Texas. Under this statute, "[a] clerk of a court may not file a litigation, original proceeding, *appeal*, or other claim presented, *pro se*, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing." TEX. CIV. PRAC. & REM. CODE § 11.103(a) (emphasis added). The statute applies to appeals filed in Texas appellate courts. The only

exceptions provided by the statute are that a clerk of a court of appeals may file an appeal from a prefiling order entered under Section 11.101 designating a person a vexatious litigant or a timely filed writ of mandamus under Section 11.102. *See id.* § 11.103(d). Chapter 11 further describes the procedures courts must follow when litigation is mistakenly filed by a vexatious litigant. *See id.* § 11.1035(b). This procedure consists of dismissing the litigation unless the vexatious litigant demonstrates to the court that he has obtained an order from the appropriate local administrative judge permitting the filing. *See id.*

Because the record filed in this court does not show that appellant had obtained permission from the local administrative judge to file this appeal, we issued an order on November 19, 2025 notifying appellant that his appeal would be dismissed unless he filed, no later than December 1, 2025, proof that he had obtained permission from the local administrative judge. No response or proof has been filed.

Based on this record, because appellant has failed to obtain the local administrative judge's permission to file this appeal, we dismiss this appeal. *See id.* § 11.103(a); *Johnson v. Parker*, No. 03-19-00067-CV, 2019 WL 3922908, at *1 (Tex. App.—Austin Aug. 20, 2019, no pet.) (mem. op.) (dismissing appeal where vexatious litigant failed to file proof that he had obtained permission from local administrative judge to appeal).

PER CURIAM